**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MELISSA GEMMEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SYSTEMHOUSE, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. CIV 04-198-TUC-CKJ <br><br> **ORDER** |

Plaintiff Melissa Gemmel ("Gemmel") has filed a Second Amended Motion for Default Judgment [Doc. # 137]. No response has been filed.

I. *Factual and Procedural Background*

Gemmel obtained coverage under the Systemhouse Long Term Disability Plan. Beginning on or about December 2, 1993, Gemmel began receiving disability benefits under the plan because of radicular back pain, fibromyalgia, spondolosis and migraines. On or about October 17, 2003, Gemmel's disability benefits were terminated. Gemmel appealed the loss of benefits, but on March 1, 2004, Gemmel's denial of benefits was affirmed.

On February 23, 2006, Gemmel filed a Second Amended Complaint against Systemhouse, Inc., MCI Worldcom Network Services, Inc., Electronic Data Systems, EDS/SHL Corporation, Systemhouse Long Term Disability Plan, and Reliance Standard Life Insurance Company. Gemmel alleged that she was an insured and a beneficiary under the

1    Systemhouse Long Term Disability Plan administered under the Employee Retirement and
2    Income Security Act, 29 U.S.C. § 1101, *et seq*. ("ERISA").  She further alleged that the
3    benefits plan was issued to and delivered by Gemmel's former employer, Systemhouse, Inc.,
4    and administered by Systemhouse, Inc. and/or Reliance Standard Life Insurance Company
5    pursuant to ERISA.

6    Gemmel asserts that her benefits were denied and terminated despite her continuing
7    disability and in violation of ERISA.  She further asserts that although some disability
8    benefits were paid for a time, proper disability benefit amounts were not paid.  Gemmel
9    requests the Court to declare the rights, status and other legal relationships between the
10   parties hereto and requests the Court to declare the Systemhouse Long Term Disability Plan
11   affords coverage for benefits for Gemmel beyond the arbitrary termination date of November
12   2, 2003, pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).

13   On February 27, 2006, the Summons and Second Amended Complaint was served
14   upon Electronic Data Systems Corp. by service upon its statutory agent, Prentice-Hall
15   Corporation System, by leaving a true copy with Tammy McVicker.

16   On March 9, 2006, counsel for Gemmel filed a Certificate of Service Regarding SHL
17   stating that service had been completed by registered mail, return receipt requested; the
18   signed (C. Carchietta) receipt was attached.

19   On April 3, 2006, the Summons and Complaint was served upon Mike Leavitt,
20   Secretary of U.S. Department of Health and Human Services by leaving a true copy with
21   Jennie Smith.

22   On April 11, 2006, the Summons and Second Amended Complaint was served upon
23   Systemhouse Long Term Disability Plan by service upon the Secretary of U.S. Department
24   of Labor by service upon Raymond McDowell.

25   On April 11, 2006, the Summons and Second Amended Complaint was served upon
26   Systemhouse Long Term Disability Plan by service upon the Secretary of U.S. Department
27   of Health and Human Services by service upon Raymond McDowell.

28

1  On April 12, 2006, the Summons and Second Amended Complaint was served upon
2  the Secretary of U.S. Department of Labor, on behalf of Systemhouse Long Term Disability
3  Plan pursuant to 29 U.S.C. § 1132(D)(1), by service upon the United States Attorney by
4  leaving a true copy with Junie Smith.

5  On July 14, 2006, counsel for Gemmel filed a Certificate of Service Regarding
6  Department of Health and Human Services, Social Security Administration, and Department
7  of Justice stating that service had been completed by registered mail, return receipt requested.
8  The signed (Lawrence C. Sovoy, Social Security Administration (stamped), and Ernest L.
9  Poiber) receipts were attached.

10  On July 18, 2006, the Summons and Second Amended Complaint was served upon
11  MCI Worldcom Network Services, Inc. by Verizon Communications by delivering a true
12  copy to Teri Rolzan.

13  This Court granted Gemmel permission to serve process by alternate means as to John
14  Oltman. On November 9, 2006, counsel for Gemmel filed a Certificate of Service Regarding
15  John R. Oltman on behalf of Systemhouse, Inc., stating that Systemhouse, Inc., had been
16  served by serving its former officer, John R. Oltman, by registered mail, return receipt
17  requested. Additionally, the Summons, Second Amended Complaint, and the Court's order
18  regarding alternate service were mailed to Oltman's last known addresses in Avon, Colorado,
19  and Chicago, Illinois.

20  On June 14, 2007, Gemmel filed a Motion for Entry of Default and Motion for Default
21  Judgment. An Amended Motion for Default Judgment was filed on June 15, 2007. The
22  Clerk of the Court entered default against MCI Worldcom Network Services, Inc.,
23  Systemhouse Long Term Disability Plan, and Systemhouse, Inc., on June 20, 2007. On July
24  11, 2007, this Court denied the Motion for Default Judgment with leave to resubmit.

25  On December 19, 2007, Gemmel filed a Second Amended Motion for Default
26  Judgment [Doc. # 137]. Gemmel seeks default judgment against Systemhouse, Inc., MCI
27  Communications Services, Inc., d/b/a Verizon Business Services, f/k/a MCI Worldcom

Network Services, Inc., and Systemhouse Long Term Disability Plan (collectively, "Defendants") for failure to plead or otherwise defend in this proceeding as required by law.

II. *Adequacy of Service of Process*

As a preliminary matter, the Court addresses the adequacy of the service of process on Defendants. *See e.g., Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992) (Where default "is based on a void judgment under rule 60(b)(4), the district court has no discretion-the judgment is either void or it is not. If a court lacks jurisdiction ... because of insufficient service of process, the judgment is void and the district court must set it aside.); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851-52 (9th Cir. 1992) (finding that where a plaintiff "failed to serve [defendant] properly ... the default judgments [wa]s void").

Based on the Motion for Entry of Default, including Exhibit 1, it appears that the Complaint was served on March 20, April 3, April 4, April 11, April 12, July 18, and November 9, 2006.[1]  See Fed.R.Civ.P. 4.  Therefore, with the Complaint having been properly served, Gemmel has satisfied the service requirements necessary to obtain a default judgment.

III. *Default Judgment and Eitel Factors*

Rule 55(b)(2), Fed.R.Civ.P., provides for the entry of judgment by default by the court. Because service appears to have been proper and default judgment may be entered against Defendants, the Court now addresses the merits of Gemmel's motion for default judgment. After entry of a default, a court may grant a default judgment on the merits of the case. *See* Fed.R.Civ.P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980). Factors that

---

[1]The Court notes that 29 U.S.C. § 1132(d)(1) allows the Secretary of Health and Human Services to be an agent for service (if a plan does not designate an agent for service).

- 4 -

a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As default has already been entered in this case, the Court must take as true all factual allegations in Gemmel's Second Amended Complaint except for those related to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks omitted); *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002).

A. *Possibility of Prejudice to Plaintiffs*

The Court first considers whether Gemmel will suffer prejudice if default judgment is not entered. *Eitel*. Based on the documents submitted by Gemmel, it appears that Defendants do not contest the fact that Gemmel is entitled to have the Court declare the rights, status and other legal relationships between the parties and to declare the Systemhouse Long Term Disability Plan affords coverage for benefits for Gemmel beyond the arbitrary termination date of November 2, 2003, pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). The Court concludes that Gemmel would suffer prejudice if her motion for default judgment were denied because she would be "without other recourse for recovery." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal. 2002).

B. *Merits of Gemmel's Substantive Claim and Sufficiency of the Complaint*

The Court also considers that *Eitel* "require[s] that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris U.S.A., Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D.Cal. 2003) (internal quotation marks omitted). An ERISA action may

- 5 -

be brought:

>   (1) by a participant or beneficiary –
>
>   * * * * *
>
>   >   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
>   * * * * *
>
>   (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a).

Section 1132(a)(1)(B) permits a plan participant or beneficiary to recover benefits wrongfully denied either from "the Plan as an entity," *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985), from the "plan administrator," *Everhart v. Allmerica Financial Life Insurance Co.*, 275 F.3d 751, 755 (9th Cir. 2001) or from an insurance company that functions as the plan administrator, *id*. Further, the term "equitable relief" as it is used in section 1132(a)(3)(B) is limited to forms of relief "that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). However, "[w]hen the substance of the relief is monetary . . . such a remedy is not available under section 1132(a)(3)." *FMC Med. Plan v. Owens*, 122 F.3d 1258, 1262 (9th Cir. 1997).

Gemmel has alleged that the plan was administered by her former employer, Systemhouse, Inc., and/or Reliance Standard Life Insurance Company.[2] Specifically, Gemmel alleged that, pursuant to the terms of the long term disability policy, Systemhouse, Inc. was the plan administrator and the Systemhouse Long Term Disability Plan was funded through a contract with Reliance Standard Life Insurance Company. Gemmel further alleged

---

[2]This Court has previously found that Reliance Standard Life Insurance Company is not a proper party.

Systemhouse, Inc. was purchased by Worldcom Network Services, Inc., and that MCI Worldcom Services, Inc., Electronic Data Systems, and/or EDS/SHL Corporation[3] are successors to Systemhouse, Inc.. Gemmel alleges, therefore, that the successors are liable for benefits due to Gemmel under the Systemhouse Long Term Disability Plan.

Given the Court's acceptance of Gemmel's allegations as true, the Court finds Gemmel has sufficiently stated a valid claim for coverage for benefits for beyond the arbitrary termination date of November 2, 2003, pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3) against the Systemhouse Long Term Disability Plan, Worldcom Network Services, Inc., and MCI Worldcom Network Services, Inc.

C.  *Sum of Money at Stake in Action*

For the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *California Security Cans*, 238 F.Supp.2d at 1176. If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored. In this case, Gemmel seeks declaratory relief regarding the rights, status and other legal relationships between the parties and requests the Court to declare the Systemhouse Long Term Disability Plan affords coverage for benefits for Gemmel beyond the arbitrary termination date of November 2, 2003, pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). The declaratory relief sought by Gemmel is related to the benefits which she asserts she is entitled to under the plan. The declaratory relief and benefits sought under the plan is proportionate and appropriate.

D.  *Possibility of Dispute Concerning Material Facts*

The Court also considers the possibility of dispute as to any material facts in the case.

---

[3]Electronic Data Systems and EDS/SHL Corporation have been dismissed from this action.

- 7 -

Here, there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts all allegations in Gemmel's Second Amended Complaint as true (except for those relating to damages) and (2) Defendants have not made any attempt to challenge Gemmel's Second Amended Complaint or even appear in this case.

E.  *Whether Default Was Due to Excusable Neglect*

Usually, a court will ask whether the failure to answer is due to excusable neglect. *See Eitel*, 782 F.2d at 1472 (noting that the fact that the parties were engaged in settlement negotiations excused defendant from failing to answer).  In the instant case, Defendants were properly served with the Summons and Complaint.[4]  Given these circumstances, it is unlikely that Defendant's failure to answer and the resulting default was a result of excusable neglect. *Cf. Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D.Cal. 2001) (concluding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion").

F.  *Policy Underlying Federal Rules of Civil Procedure*

Generally, default judgments are disfavored because "cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  However, because a discretionary standard is applied, "default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D.Cal. 1999).  Indeed, the mere

---

[4] The Court notes that Defendants have not appeared in this action or demonstrated a clear purpose to defend the suit. *See*, Rule 55(b)(2), Fed.R.Civ.P. (service upon party of written notice of the application for default judgment if party has appeared in the action); *Wilson v. Moore & Associates, Inc.*, 564 F.2d 366, 369 (9th Cir. 1977) ("In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit."); *Franchise Holding II, L.L.C. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 928 (9th Cir. 2004).

- 8 -

existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive. *California Security Cans*, 238 F.Supp.2d at 1177. Moreover, Defendants' failure to answer the Second Amended Complaint makes a decision on the merits impractical, if not impossible. Defendants have failed to respond to the lawsuit and Gemmel has specifically pled facts supporting her claim; therefore, the policy encouraging decisions of cases on their merits does not weigh against granting default judgment here.

V. *Declaratory Relief*

Gemmel has requested declaratory relief regarding the rights, status and other legal relationships between the parties and requests the Court to declare the Systemhouse Long Term Disability Plan affords coverage for benefits for Gemmel beyond the arbitrary termination date of November 2, 2003, pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). 29 U.S.C. § 1132(a)(1)B) permits a participant or beneficiary to recover benefits, enforce her rights, or clarify her rights to future benefits. The United States Supreme Court has found that 29 U.S.C. § 1132(a)(1)(B) permits three specific types of relief: disbursement of accrued benefits, a declaratory judgment that the participant is entitled to benefits under the provisions of the plan contract, and an injunction to prevent the plan administrator from wrongly refusing to pay benefits in the future. *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 147, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). The Court finds declaratory relief is appropriate in this case.

VI. *Summary*

Based on all the *Eitel* factors discussed above, the Court finds that Gemmel's Second Amended Motion for Default Judgment should be granted.

VII. *Damages*

Gemmel is entitled to recover the total amount of past-due disability benefits that

Defendants owe her under the plan. In seeking default judgment, Gemmel asserts that she is entitled to $89,800.00 for unpaid benefits, which currently accrue at a minimum of $1,796.00 per month. Gemmel, however, has not provided any basis for her calculation from which the Court can determine whether such calculation is correct under the terms of the Systemhouse Long Term Disability Plan. The Court, therefore, will grant default judgment in part, but decline to state an amount of past or future benefits that Gemmel is entitled to under the plan. Gemmel will be directed to provide support for her calculation of unpaid benefits and the calculation of the currently accruing rate. Further, Gemmel will be directed to provide the Court with copies of the Systemhouse Long Term Disability Plan and the Summary Plan Description if she possesses those copies.[5]

Gemmel's Second Amended Complaint also asks for interest. "A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007). "Generally, 'the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Id*. at 628, *quoting Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163-64 (9th Cir. 2001). Furthermore, the post-judgment interest rate is prescribed for in 28 U.S.C. § 1961.

"[I]nterest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding [] the date of the judgment." 28 U.S.C. § 1961(a).[6] The Court will defer ruling on prejudgment and

---

[5]The Court notes that its November 8, 2005, Order directed counsel for Reliance Standard Life Insurance Company to provide Gemmel with a copy of the Systemhouse Long Term Disability Plan and a copy of the Summary Plan Description if those documents were in his possession or control.

[6]*See* www.federalreserve.gov.

postjudgment interest until a declaratory judgment of the amount of unpaid benefits Gemmel is entitled to is entered.

VIII. *Attorneys' Fees and Costs*

Gemmel is entitled to reimbursement of costs and attorney's fees incurred in pursuing this litigation. 29 U.S.C. § 1132(g)(1). However, Gemmel has not included an affidavit of attorneys' fees. The Court, therefore, declines to issue an award of attorneys' fees at this time.

Similarly, Gemmel has not submitted an affidavit of costs. The Court, therefore, declines to issue an award of costs at this time.

Accordingly, IT IS ORDERED:

1.  Gemmel's Second Amended Motion for Default Judgment [Doc. # 137] is GRANTED in part.

2.  Gemmel shall submit a Supplemental Motion for Default Judgment setting forth the basis for her calculation of unpaid benefits and the current accrual rate of benefits within thirty (30) days. Gemmel shall attach the Systemhouse Long Term Disability Plan and Summary Plan Description to that motion if copies of those document are within her possession. Failure to timely comply with this Order may result in dismissal of this action.

DATED this 3rd day of January, 2008.

Cindy K. Jorgenson
United States District Judge

- 11 -