**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MELISSA GEMMEL,<br><br>    Plaintiff,<br><br>vs.<br><br>SYSTEMHOUSE, INC., et al.,<br><br>    Defendants. | No. CIV 04-198-TUC-CKJ<br><br>**ORDER** |

    Pending before the Court are Plaintiff's Motion to Suppress Evidence of Prior Misdemeanor Conviction [Doc. # 186], Motion to Suppress and to Strike Federal Tax Evidence [Doc. # 192] and Defendants' Request for Admission into Evidence of Prior Conviction and/or Admission of Party [Doc. # 179], Request Regarding Admission into Record Notice of Tax Lien [Doc. # 180], and Motion to Strike Plaintiff's Request for Jury Trial [Doc. # 189].[1] Also pending before the Court are the parties' dispositive motions: Plaintiff's Motion for Summary Judgment and Motion for ERISA Determination of Benefits [Doc. # 184], Defendants' Motion for Judgment on the Administrative Record [Doc. # 178], and Defendant MCI Worldcom Network Services, Inc.'s ("MCI") Motion for Judgment on the Pleadings [Doc. # 183]. The parties have requested the Court schedule this matter for oral argument. The Court declines to schedule this matter for oral argument.

---

    [1]The docket sheet indicates that Defendant filed a Motion to Dismiss Party at docket number 200. This document is Defendants' Reply and the Clerk of the Court will be directed to amend the filing designation of this document.

*Defendant MCI's Motion for Judgment on the Pleadings* [Doc. # 183]

MCI requests this Court dismiss the Amended Complaint [Doc. # 77] as to MCI because Gemmel cannot state a claim upon which relief can be granted as the only proper defendant to this action is the Plan. Gemmel asserts that her action can be maintained against either the Plan or the Plan Administrator.[2] Indeed, 29 U.S.C. § 1132(a)(1)(B) permits a plan participant or beneficiary to recover benefits wrongfully denied either from "the Plan as an entity," *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985), from the "plan administrator," *Everhart v. Allmerica Financial Life Insurance Co.*, 275 F.3d 751, 755 (9th Cir. 2001) or from an insurance company that functions as the plan administrator, *id*. Gemmel further asserts that her claims for equitable relief are appropriately sought from the Plan Administrator. Gemmel asserts that, as successor-in-interest of Systemhouse, Inc., MCI is an appropriate party.

MCI points out, that in her opposition papers, Gemmel has only produced documents showing Systemhouse, Inc., as the Plan Administrator.[3] The Court agrees with MCI that Gemmel has not established MCI as the Plan Administrator. Furthermore, as the Court previously stated "[t]he Ninth Circuit has held that 29 U.S.C. § 1132(a)(3) is a "'catchall provision that acts as a safety net, offering appropriate equitable relief for injuries caused by violations that 29 U.S.C. § 1132 does not *elsewhere* adequately remedy.'" *Ford*, 399 F.3d at 1083, *quoting Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 n. 5, 122

---

[2]Gemmel's response to MCI's motion has been docketed as a reply to Gemmel's Motion for Summary Judgment at document number 191. The Court will direct the Clerk of the Court to modify the docket sheet to reflect the designation of this document as the response to MCI's Motion for Judgment on the Pleadings [Doc. # 183].

[3]MCI points out that Gemmel has referred to portions of the Employee Handbook in her response and asserts that when ruling on a Fed.R.Civ.P. 12(b)(6) in an ERISA case, plan documents which are attached to a motion to dismiss may be considered. *Everson v. Blue Cross & Blue Shield*, 898 F.Supp. 532 (N.D.Ohio 1994). Further, MCI asserts that Gemmel has had an opportunity to fully address the arguments raised by MCI's motion. The Court finds it appropriate to consider the issues raised by MCI.

S.Ct. 708, 151 L.Ed.2d 625 (2002). Because [Gemmel] asserted a specific claim under 29 U.S.C. § 1132(a)(1)(B) as set forth in the Joint Scheduling Conference Report, 'she cannot obtain relief under 29 U.S.C. § 1132(a)(3), ERISA's 'catchall' provision.' *Id.* Therefore, Gemmel's claim of a breach of a fiduciary duty against [Defendant] cannot stand.'" November 8, 2005, Order, p. 6. Dismissal of the Amended Complaint against Defendant MCI is appropriate.

*Motion to Strike Plaintiff's Request for Jury Trial* [Doc. # 189]

Defendants request Gemmel's request for a trial by jury be stricken. Defendants assert that Gemmel's benefits under a group insurance contract for long-term disability are government by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and that ERISA does not provide for a jury trial. Gemmel has not objected to this request.

There is no constitutional or statutory right to a jury trial in an ERISA action. *See Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir. 1985). The Ninth Circuit in *Thomas v. Oregon Fruit Prod.*, 228 F.3d 991 (9th Cir. 2000), held that "plan participants and beneficiaries are not entitled to jury trials for claims brought under, or preempted by, section 502 of ERISA." The Court will strike the request for a jury trial.

*Defendants' Request for Admission into Evidence of Prior Conviction and/or Admission of Party* [Doc. # 179] *and Plaintiff's Motion to Suppress Evidence of Prior Misdemeanor Conviction* [Doc. # 186]

Defendants assert Gemmel's prior conviction for forgery is probative of her veracity and is thus a permissible area of inquiry under Rule 608(b). *United States v. Lashmett*, 965 F.2d 179, 184 (7th Cir. 1992). Defendant asserts, therefore, that a certified true copy from original public records of Wake County, North Carolina, reflecting Gemmel's November 21, 1994, forgery conviction is admissible to attack Gemmel's credibility. Fed.R.Evid. 609(a)(2); *Dean v. Trans World Airlines, Inc.*, 924 F.2d 805 (9th Cir. 1991) (misdemeanor

conviction for failure to file tax return admissible under Fed.R.Evid. 609(a)(2); *Walker v. Horn*, 385 F.3d 321, 333 (3rd Cir. 2004); *Behler v. Hanlon*, 199 F.R.D. 553, 559 (D.Md. 2001). Defendants assert they have ready proof that Gemmel admitted an act of dishonesty or false statement or that a fact-finder found such an act. Fed.R.Evid. 609(a)(2). Indeed, the Ninth Circuit has stated:

> By its terms, Rule 609(a)(2) affords the trial court no discretion to exclude evidence of convictions of a crime involving dishonesty or false statement. Given the scheme set up in Rule 609(b), we doubt that the trial court can ever exclude Rule 609(a)(2) convictions as remote where such convictions are less than ten years old. . . .
>
> . . . Rule 609(a)(2) applies to all crime involving dishonesty or false statement, irrespective of whether the conviction was for a felony or a misdemeanor.

*United States v. Dixon*, 547 F.2d 1079, 1083-84 (9th Cir. 1976).

Gemmel asserts that the age of the conviction alone renders the evidence unreliable. She asserts that, by completing her 30-day probationary period, and not having any further convictions for this offense, she should be considered completely rehabilitated under the terms of Fed.R.Evid. 609(c)(1). Defendants disagree and asserts that the prior conviction is automatically admissible.

However, "[e]vidence of convictions over 10 years old generally is presumed to be inadmissible, and the proponent of the evidence bears the burden of showing its admissibility." 81 Am.Jur.2d Witnesses § 880 (2009), *footnotes omitted*; *see also United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987) (proponent of evidence of old convictions bears burden of showing that the evidence's probative value substantially outweighs is prejudicial effect). Indeed, the rule states:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed.R.Evid. 609(b); *see also* Fed.R.Evid. 609 (b), Advisory Committee Notes ("after ten years following a person's release from confinement (or from the date of his conviction) the probative value of the conviction with respect to that person's credibility diminish[es] to a

point where it should no longer be admissible[;]" "[i]t is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances"). The Court finds Defendants' assertion that the admission of the prior conviction is automatic is incorrect.

Defendants also assert that Gemmel, by pleading guilty to a lesser charge from a felony forgery, has made a party admission. Defendants assert that Gemmel's guilty plea is a party admission that is not subject to Fed.R.Evid. 609. However, Defendants have not presented any relevance of this party admission for any purpose other than to attack the credibility of Gemmel. Determination of the relevance of the party admission, therefore, necessarily requires analysis under Fed.R.Evid. 609.

Gemmel asserts that Defendants' notice of intent to use her prior misdemeanor conviction does not demonstrate any relevant purpose for the admission of the evidence. Gemmel asserts that the admission of this evidence for the stated purpose of showing Gemmel's poor character and inability to be truthful is highly inflammatory. Gemmel further argues that the admission of the relatively minor conviction (fine of $50 was imposed), which is more than 14 years old, would deprive her of her federal constitutional rights to due process and a fair trial.[4] Gemmel further asserts that any relevance is substantially outweighed by the danger of unfair prejudice.

In considering whether the probative value of a conviction over 10 years old substantially outweighs the prejudice, the Ninth Circuit has stated:

> We note also that our previous cases have set forth a list of factors a district court should consider in a criminal case when determining whether the probative value

---

[4]The Court notes that Gemmel cites *McKinney v. Rees*, 993 F.2d 1378 (9th Cir. 1993) (reversing murder conviction because other crimes evidence violated federal due process where that evidence was irrelevant to the crime charged), and *Clark v. Duckworth*, 906 F.2d 1174 (7th Cir. 1990) (Fourteenth Amendment right to a fair trial free from prejudicial and irrelevant evidence) in support of this assertion. However, these cases involved due process requirements in a criminal trial. Further, *McKinney* involved other act evidence rather than a prior conviction.

> outweighs the prejudice. "These factors are: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charge crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility." *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir.2000). Nothing in the record indicates that the district court considered any of these factors. Although we have never held that such factors should be considered in a civil case, and do not do so here, we think that, under the circumstances of this case, consideration of these factors by the district court on remand would be appropriate.

*Simpson v. Thomas*, 528 F.3d 685, 690 (9th Cir. 2008), n. 3. The Court finds it appropriate to consider some of these factors in determining whether the probative value of Gemmel's conviction substantially outweighs the prejudice. Gemmel's prior conviction is for a crime of dishonesty – the Court finds this crime has a high impeachment value. This conviction was more than 14 years ago and there is no indication that Gemmel has committed any similar offenses since that time. However, there are other incidents that reflect dishonesty in the record (E.g., pharmacist contacted medical provider because Gemmel altered prescription refill numbers. AR 292). Moreover, when Gemmel was informing her physicians of her medical conditions and the degree of pain she was suffering for purposes of this review, the conviction was not more than ten years old. The date of Gemmel's conviction was November 24, 1994, while correspondence upholding the denial of benefits was sent to Gemmel (via counsel) on March 1, 2004. Therefore, although Gemmel may not have committed any similar offenses since her conviction, the timing of the conviction makes the conviction relevant to her credibility.

Gemmel argues that the evidence is not relevant because this is not the type of situation where her "truthful testimony" is the only basis for an award of benefits. *See* Fed.R.Evid. 401 ("Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Gemmel argues that this matter is equitable in nature and involves the Plan's terms and conditions; any relevance is marginal because the prior conviction does not contradict Gemmel's evidence). Although the terms of the Plan are at issue, the Court finds that Gemmel's credibility is also significant. The

- 6 -

Court finds the probative value substantially outweighs the prejudicial effect.

Gemmel also argues that Defendants have not provided her with a certified copy of any records and that the admission of such evidence would violate hearsay principles. *See Stroud v. Cook*, 931 F.Supp. 733 (D.Nev. 1996), *citing Nipper v. Snipes*, 7 F.3d 415 (4th Cir. 1993). However, Gemmel has not asserted that the copy submitted to the Court is inadequate. *See* Fed.R.Evid. 902  Moreover, *Stroud* makes clear that the admission of records of misdemeanor convictions do not violate hearsay principles in the Ninth Circuit. The Court finds admission of the prior conviction to be appropriate.

Additionally, Gemmel asserts this is simply an attempt by Defendants to needlessly harass and embarrass her and may also be an underhanded ploy because the evidence is now before the Court. Gemmel requests sanctions be imposed against Defendants. Defendants assert, however, that they prepared the notice to provide Gemmel an opportunity to respond and to avoid accusations of surprise. *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431 (2nd Cir. 1993); *Powell v. Levit*, 640 F.2d 239 (9th Cir. 1981). The admission of such evidence is clearly within the discretion of the Court and the Court does not find it improper for Defendants to have presented this issue to the Court. The Court finds the imposition of sanctions is not appropriate.

The Court will grant Defendants' request and deny Gemmel's motion.

*Request Regarding Admission into Record Notice of Tax Lien* [Doc. # 180] *and Motion to Suppress and to Strike Federal Tax Evidence* [Doc. # 192]

Defendants request the admission of an April 16, 2007, federal tax lien, in an amount of $5730.30 pursuant to Fed.R.Evid. 201 and 608(b). Defendants assert this document is relevant to impeach Gemmel's character for truthfulness, as documents in the Administrative Record and referenced in Defendants' Fed.R.Civ.P. 52(c) motion show that Gemmel takes the position that the federal income tax is voluntary and that she is a citizen of the Republic of North Carolina (as opposed to the United States). Defendants assert the document also

indicates multiple assessments, suggesting that Gemmel's tax avoidance was not a single occurrence. Gemmel asserts that Internal Revenue Service ("IRS") has not pursued the alleged liability and there is no court order or judgment

Gemmel has moved to suppress and strike the federal tax evidence. Gemmel asserts that this evidence is irrelevant and highly inflammatory such that its admission would be so fundamentally unfair as to deprive Gemmel of her federal constitutional right to due process and to a fair trial.[5] Gemmel acknowledges that, where a witness' credibility is a critical issue and where she is the only witness to an incident, evidence of previous untruthfulness may be admissible.[6] Gemmel asserts that the doctors and medical records speak for themselves as to Gemmel's disability. Gemmel disputes Defendants' assertion that her credibility with her doctors is at issue because the well-educated doctors have identified specific medical conditions based on objective evidence supported by her statements. Gemmel asserts, therefore, that her credibility is not a critical issue.

The Ninth Circuit has determined that a conviction for failure to file a tax return involves dishonesty within the meaning of Fed.R.Evid. 609. *Dean*, 924 F.2d at 811. In *Dean*, the court determined that because the incomplete tax return that was filed as a protest included deliberate false statements, the conviction was admissible under Fed.R.Evid. 609. However, "[i]n order to have proper cross-examination as to misconduct relating to untruthfulness: (1) there must be a good-faith belief by the opponent that the conduct occurred; and (2) the conduct must relate to instances of untruthfulness." *United States v. Robertson*, 39 M.J. 211, 214 (CMA 1994), *citing Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). In this case, no showing has been made that Gemmel was convicted of filing a false tax return. Further, no showing has been made as to whether

---

[5]Gemmel again relies on *McKinney* and *Clark* which involved the rights afforded to defendants in criminal cases.

[6]The Court notes that Gemmel cites to an unpublished district court case in support of this assertion.

- 8 -

Gemmel failed to submit a return or submitted a return but did not pay taxes . . . there is no good faith basis to conclude that the conduct relates to untruthfulness. Defendants' citation to Gemmel's Affidavit of Claims for Exemption and Exclusion From Gross Income of Remuneration, Wages and Withholding," executed under penalty of perjury and dated November 20, 1995, in which Gemmel stated that "[t]he income tax is voluntary. I do not wish to volunteer[,]" AR 34, implies, but does not establish, that Gemmel did not file a return or submitted a false return.

Gemmel also asserts that any probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See* Fed.R.Evid. 403 ("relevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusions of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). Where, as here, the existence of the tax lien in and of itself does not show any untruthfulness on the party of Gemmel, the probative value is minimal. The Court finds the danger of unfair prejudice substantially outweighs any probative value of this evidence. Indeed, for there to be significant probative value of this evidence, additional evidence would need to be presented (e.g., to establish whether Gemmel filed returns, status of discussions with IRS); this would confuse the issues and constitute a waste of time.[7]

Gemmel also requests this Court to review Defendants' actions and impose sanctions against Defendants. However, in light of *Dean*, the Court finds Defendants had a basis to present this issue to the Court and declines to impose sanctions.

---

[7]Gemmel again makes foundational objections to the admission of the evidence. In light of the Court's ruling, the Court declines to address these issues. The Court also declines to direct Defendants to assist and cooperate with the IRS as requested by Gemmel – such injunctive relief is not before this Court in this action.

*Procedural Objections to Plaintiff's Motion for Summary Judgment and Motion for ERISA Determination of Benefits*

Defendants assert that Gemmel has renewed her prior Motion for Summary Judgment, yet then provides 43 pages of argument and authority; additionally, Gemmel's prior Motion for Summary Judgment was brought solely against prior Defendant Reliance Standard Life. Defendants question which document they are to respond to.

The Court ruled on Gemmel's prior Motion for Summary Judgment. *See* Doc. # 73. The Court finds it is not appropriate to consider the prior motion. However, to the extent the Court decides, *infra* and in its *de novo* review, to consider evidence outside of the Administrative Record, the Court will consider the exhibits attached to Plaintiff's Statement of Facts in Support of Her Motion for Summary Judgment [Doc. # 54].

Defendant also points out that L.R.Civ. 7.2(e) limits the length of motions to 17 pages, exclusive of exhibits – Gemmel's motion is 46 pages. Defendant has not asserted that it would have objected had Gemmel requested permission to exceed the page limitation. Indeed, Gemmel has requested permission to exceed the page limitation in her reply. The Court grants Gemmel permission to exceed the page limitation.

Defendant asserts Gemmel has also failed to set forth specific facts in a serial fashion, with each statement referring to a specific portion of the record as required by L.R.Civ. 56.1(a). However, the Court has determined that resolution by summary judgment is not appropriate; therefore, the requirement of L.R.Civ. 56.1(a) is not applicable.

*Summary Judgment/Review of Administrative Record in ERISA Cases*

In considering motions for summary judgment in ERISA actions, the Ninth Circuit has made clear that the sole question to be decided is whether "there are genuine issues of material fact, [and] not whether there was substantial or ample evidence to support the plan administrator's decision." *Mongeluzo*, 46 F.3d at 942, (*citing Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1098) (7th Cir. 1994) ("Where the plan administrator has left contested issues of

- 10 -

1  fact unresolved, the district court's review under Rule 56(c) should have been limited to
2  determining whether any of the facts in dispute were material.").

3  Viewing the evidence in the light most favorable to the non-moving party, the Court
4  finds that there is a genuine issue of material fact as to whether Gemmel was disabled as
5  defined under the policy. Resolution of the issues requires consideration of Gemmel's
6  credibility. Additionally, Gemmel has argued that the Plan Administrator's doctors were
7  biased. Resolution by summary judgment is not appropriate.

8  Defendants have requested resolution by review of the Administrative Record.
9  Whether the review is *de novo* or for an abuse of discretion, "the record that was before the
10 administrator furnishes the primary basis for review." *Dishman v. Unum Life Ins. Co. of
11 America*, 269 F.3d 974, 985 (9th Cir. 2001), *quoting Kearney v. Standard Ins. Co.*, 175 F.3d
12 1084, 1090 (9th Cir. 1999) (en banc). The Court finds a bench trial based primarily on the
13 administrative record to be appropriate. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084
14 (9th Cir. 1999). However, the Court finds that evidence of the credibility of Gemmel and
15 responses of Gemmel's physicians to the Plan's decision to terminate benefits, *see* Doc. # 54,
16 is necessary to conduct an adequate *de novo* review of the benefit decision. *See Dishman*,
17 269 F.3d at 985, *citation omitted* (it is within the district court's discretion to allow evidence
18 that was not before the plan administrator "when circumstances clearly establish that
19 additional evidence is necessary to conduct an adequate *de novo* review of the benefit
20 decision"); *see also Saffon v. Wells Fargo & Company Long Term Disability Plan*, 511 F.3d
21 1206 (9th Cir. 2008). However, except to the extent the Court has decided it is appropriate
22 to consider Plaintiff's Statement of Facts in Support of Her Motion for Summary Judgment
23 [Doc. # 54], the Court does not find it appropriate to consider the additional material
24 requested by Gemmel. *See e.g.*, Gemmel's Motion to Supplement the Administrative Record
25 [Doc. # 52]; Gemmel's Motion for Summary Judgment [Doc. # 184] (requesting Court to
26 consider Gemmel's current health records).

27 The Court will issue a separate order with its factual findings and legal conclusions

- 11 -

as to the Court's review of the Administrative Record, as supplemented as discussed herein.

Accordingly, IT IS ORDERED:

1. The Clerk of the Court shall amend the document designation of document number 200 to reflect that the document is the reply to document number 183 rather than a separate motion.

2. The Clerk of the Court shall amend the document designation of document number 191 to reflect that the document is the response to MCI's Motion for Judgment on the Pleadings [Doc. # 183]

3. Defendant MCI's Motion for Judgment on the Pleadings [Doc. # 183] is GRANTED. The Amended Complaint is DISMISSED as to Defendant MCI.

4. Defendants' Motion to Strike Plaintiff's Request for Jury Trial [Doc. # 189] is GRANTED. Gemmel's request for a jury trial is STRICKEN.

5. Defendants' Request for Admission into Evidence of Prior Conviction and/or Admission of Party [Doc. # 179] is GRANTED.

6. Gemmel's Motion to Suppress Evidence of Prior Misdemeanor Conviction [Doc. # 186] is DENIED.

7. Defendants' Request Regarding Admission into Record Notice of Tax Lien [Doc. # 180] is DENIED.

8. Gemmel's Motion to Suppress and to Strike Federal Tax Evidence [Doc. # 192] is GRANTED.

9. Gemmel's Motion for Summary Judgment and Motion for ERISA Determination of Benefits [Doc. # 184] is DENIED IN PART.

10. Defendants' Motion for Judgment on the Administrative Record [Doc. # 178] is GRANTED IN PART.

DATED this 25th day of September, 2009.

_____
Cindy K. Jorgenson
United States District Judge